UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Denita Harris, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.07-1422(RCL) |
| District of Columbia, ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), moves for dismissal of the Complaint herein on the grounds that it fails to state a claim upon which relief can be granted.

The grounds for said motion are set forth in more detail in defendant's Memorandum of Points and Authorities.

Respectfully submitted,

LINDA SINGER,
Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2


 /s/ Maria Merkowitz
MARIA MERKOWITZ, [312967]
Senior Assistant Attorney General
Equity Division
441 4th Street, N.W., 6S

Washington, D.C. 20001  
(202)442-9842  
Fax – (202) 727-3625  
Email–maria.merkowitz@dc.gov

September 20, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| Denita Harris, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.07-1422(RCL) |
| District of Columbia, | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF DEFENDANT'S MOTION TO DISMISS**

INTRODUCTION AND BACKGROUND

On August 6, 2007, plaintiff filed a complaint for injunctive and declaratory relief under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. Section 1400 *et seq.* ("IDEIA"). While plaintiff alleges that she participated in an impartial administrative hearing[1] in which a Hearing Officer ("HO") denied her claims and dismissed the case on May 8, 2007, she fails to state by what findings and decision of the HO she has been aggrieved and the basis of any claim in this Court she might have.

ARGUMENT

I. **Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted Under the IDEIA.**

The IDEIA provides specific procedures whereby challenges to DCPS determinations concerning eligibility of students for special education services, individualized education plans, school placement decisions, etc., are to be addressed. The administrative process described in the statute, if fully employed, results in an evidentiary administrative hearing before an impartial hearing officer, at the conclusion of which a

---
[1] No date for the hearing is provided.

Hearing Officer's Decision ("HOD") – containing findings of fact and conclusions concerning the disputed matters – is issued. See 20 U.S.C. § 1415(f) et seq.

If the student's parent or guardian does not prevail in the hearing proceedings, judicial review of the HOD by this Court may be sought. Jurisdiction for court review of an HOD is found at 20 U.S.C. § 1415 (i)(2)(A):

> Any party aggrieved by the findings and decision made [in an administrative due process hearing] . . . shall have the right to bring a civil action with respect to the [administrative] complaint . . . which action may be brought . . . in a district court of the United States, without regard to the amount in controversy. (Emphasis added)

Accordingly, to establish an entitlement to court review under IDEIA, a plaintiff is required to identify the way he/she is aggrieved by the HOD, as well as the legal and/or factual errors made at the administrative level. However here, while plaintiff alleges that she participated in an administrative hearing, and that her case was dismissed, she makes no mention of what findings of the HO were incorrect, how she was aggrieved, or the basis of her claim in this Court. (Complaint at par. 3) Plaintiff states only that she requested funding for an independent Functional Behavioral Assessment ("FBA"), that she subsequently requested a due process hearing on the grounds that DCPS failed to respond to plaintiff's request and, that the HO denied her claim. (Complaint at paragraphs 7, 11, and 12)

Plaintiff seeks to have this Court declare that DCPS denied the student a free appropriate public education ("FAPE") by failing to respond to the request for funding of an independent evaluation. Plaintiff further seeks to have this Court order DCPS to fund an independent FBA, convene a multidisciplinary team meeting ("MDT), develop an

individualized education program ("IEP"), and develop a compensatory plan for the student.  (Complaint at pp. 3-4)

However, the Complaint, on its face, fails to demonstrate that any of the requested relief was sought in the administrative hearing, and improperly denied, or that this action is properly before the Court.

### A. Standards of Dismissal Under Fed. R. Civ. P. 12 (b)(6).

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs.  *See* Scheuer v. Rhodes, 416 U.S.232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41-56-46 (1957) and citing Gardner v. Toilet Goods Assn., 387 U.S. 167, 172 (1967)).  However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

"While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations ….a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. (citations omitted)  Factual allegations must be enough to raise a right to relief above the speculative level." (citations omitted).  Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). *See also* Robinson v. District of Columbia, No. 06-1253, Memorandum Opinion at 7 (August 1, 2007).

In the absence of such showings, this Court is without jurisdiction under IDEIA – or any other Rule or statute – to review the matters recited in the complaint.

**CONCLUSION**

As indicated above, nowhere in plaintiff's Complaint does she indicate what, if any, challenges she has to the May 8, 2007, HOD, or how that decision aggrieved her – which are the basic requirements for jurisdiction under the IDEIA. The prayer for relief does not seek a reversal of any provision of the HOD, and appears to seek more relief than requested at the administrative hearing.

While defendant acknowledges the liberal rules of pleading construction, there is nonetheless, a minimum that must be expressed in a complaint that is ostensibly appealing an adverse HOD ruling. This is necessary for the defendant and Court to know what aspects of the HOD are at issue, and so that the defendant can assess the character of the issues, adequately prepare its defenses, and/or entertain settlement discussions with plaintiff if deemed warranted, before wasting the Court's time and resources on rulings on motions which might not prove necessary.

        Respectfully submitted,

        LINDA SINGER,
        Attorney General for the District of Columbia

        GEORGE VALENTINE
        Deputy Attorney General
        Civil Litigation Division


        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity Section 2

        /s/ Maria Merkowitz
MARIA MERKOWITZ, [312967]
Senior Assistant Attorney General
Equity Division
441 4th Street, N.W., 6S
Washington, D.C. 20001
(202)442-9842
Fax – (202) 727-3625
Email–maria.merkowitz@dc.gov

September 20, 2007