THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**DENITA HARRIS**                     )
                                          )
              **Plaintiff,**     )
                                          )   **Civil Action No. 07-1422 (RCL)**
**v.**                                          )
                                          )
**DISTRICT OF COLUMBIA**     )
                                          )
              **Defendant.**   )
_____)

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### BACKGROUND

The Plaintiff filed her Complaint on August 6, 2007, alleging that the District of Columbia Public Schools ("DCPS") had violated the Individuals with Disabilities Education Act ("IDEA") by failing to respond to a request for funding of an independent evaluation of the Plaintiff's minor daughter and by consequently denying her a free appropriate public education ("FAPE").

In the Complaint, the Plaintiff made allegations regarding her request for a particular independent evaluation, and DCPS' failure to respond to that request. The Complaint also contains the following statements regarding relevant administrative proceedings:

> The Plaintiff has participated in an impartial administrative hearing of these claims conducted by the DCPS Enforcement and Investigation Division. In an order dated May 8, 2007, the Hearing Officer denied the Plaintiff's claim and dismissed her case. ***
>
> On March 2, 2007, the Plaintiff filed an IDEA due process complaint with DCPS….The due process complaint alleged that DCPS had failed "to respond to a request for funding….sent pursuant to 34 C.F.R. § 300.502"…On May 8, 2007, the DCPS Enforcement and Investigation Division issued a Hearing Officer's Determination ("HOD") denying the Plaintiff's claim.

1

Compl. ¶¶ 3, 10-12.

On September 20, 2007, the Defendant filed its Motion to Dismiss under Rule 12(b)(6) ("Motion"). The Defendant appears to have three complaints regarding the clarity of the Plaintiff's Complaint: 1) it "fails to state by what findings and decision of the HO she has been aggrieved;" 2) it does not "identify...the legal and/or factual errors made at the administrative level;" and 3) it "fails to demonstrate" that the requested relief was sought at the administrative level and "improperly denied." Motion at 3-6.

For those reasons, the Defendant seeks dismissal under Rule 12(b)(6).[1]

## ARGUMENT

Of the Defendant's three complaints, the second and third lack any legal basis, and the first – that the Plaintiff did not state in what way she has been aggrieved – is simply false. On the whole, the Defendant takes the position, unsupported with any legal authority and unsupportable, that a federal IDEA complaint must make allegations against the administrative hearing officer, and must do so with great specificity.

I.  **THE PLAINTIFF STATED THE WAY IN WHICH SHE WAS AGGRIEVED BY THE ADMINISTRATIVE DECISION**

As reviewed above, one of the Defendant's complaints is that the Plaintiff's Complaint "fails to state by what findings and decision of the HO she has been aggrieved." Motion at 3; see also Motion at 4, 6 (the Plaintiff did not "identify the way [she] is aggrieved by the HOD" or "indicate...how [the] decision aggrieved her").

---

[1] In addition to the other arguments, in one sentence the Defendant mistakenly contends that "in the absence of such showings, this Court is without jurisdiction under IDEIA – or any other rule or statute – to review the matters recited in the complaint." Motion at 5. Subject matter jurisdiction exists or it does not, and while the Court may rely upon the Complaint to determine jurisdiction, a failing of the Complaint cannot establish its absence any more than a failure to contest jurisdiction can establish its presence.

2

As addressed below, Argument III, there is no basis whatsoever for the Defendant's suggestion that a federal IDEA complaint must state in what way the plaintiff was aggrieved by the administrative decision. Regardless, though, the Plaintiff did state how the Hearing Officer's Determination ("HOD") aggrieved her: "[T]he Hearing Officer denied the Plaintiff's claim and dismissed her case." It could hardly be more clear.

## II.   THE PLAINTIFF NEED NOT MAKE ANY ALLEGATIONS AGAINST THE HEARING OFFICER

The Defendant complains that the Plaintiff's Complaint does not "identify...the legal and/or factual errors made at the administrative level." Motion at 4; see also Motion at 5 ("[T]he Complaint…fails to demonstrate that any of the relief was…improperly denied."). The Defendant offers absolutely no support for the idea that a federal IDEA complaint must contain such allegations. Though the Defendant suggests that its position stems directly from the IDEA, in fact it directly contradicts the very clause in the IDEA that grants this Court jurisdiction.

### A.   There Is No Heightened Pleading Requirement for Cases Arising Under the IDEA.

In making its claim that the Plaintiff must plead hearing officer error with particularity, the Defendant quotes the IDEA's "aggrieved party" requirement, and then states, "Accordingly,…a plaintiff is required to identify…the legal and/or factual errors made at the administrative level." Motion at 4. The Defendant provides no citation or even argument explaining this enormous leap.

A civil complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). The Supreme Court of the United States has stated – unanimously – that Federal Rule of Civil Procedure 8(a) means what it says, and that the specificity requirements of Federal Rule of Civil Procedure 9(b) are not subject to

3

enlargement absent an act of Congress. See, e.g., Hill v. McDonough, 126 S. Ct. 2096, 2103 (2006), ("Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts").

Nowhere in the IDEA provision quoted by the Defendant or elsewhere in the IDEA does Congress attempt to establish heightened pleading standards for IDEA civil actions. Given the Supreme Court's clear prohibition of judicial expansion of Rule 9(b), there is no argument for a heightened pleading requirement in IDEA civil actions.

### B.    The IDEA Does Not Authorize Claims Regarding Hearing Officer Actions.

The IDEA allows a party aggrieved by an IDEA administrative decision to "bring a civil action with respect to the complaint presented" at the administrative level. 20 U.S.C. § 1415(i)(2)(A). Because the Plaintiff brought her administrative complaint against DCPS, the local educational agency ("LEA"), she necessarily filed her civil action against the District of Columbia.[2]

As required by the IDEA, the Hearing Officer is an independent contractor, not an employee of DCPS. See 20 U.S.C. § 1415(f)(3)(A). The Plaintiff has no IDEA claim against the Hearing Officer, so she had no reason to make any allegation regarding the Hearing Officer's action other than for background purposes and to state that she was aggrieved, as she did.

Regardless of the Hearing Officer's status, the Plaintiff could not make allegations regarding the Hearing Officer's actions a part of her IDEA Complaint because her administrative complaint did not, of course, address any action on the part of the Hearing Officer that occurred at the hearing of that complaint. As noted above, the Plaintiff could only bring an IDEA civil

---

[2] The Defendant has consistently maintained that the District of Columbia, and not DCPS, is the proper defendant in these cases, and counsel has had no reason to question or dispute that position.

4

action in this court "with respect to the complaint presented" at the administrative level. 20 U.S.C. § 1415(i)(2)(A).[3]

For these reasons, the Plaintiff need not, and in fact cannot, bring claims against the Hearing Officer in her IDEA Complaint.

### III.  THE PLAINTIFF NEED NOT "DEMONSTRATE," OR EVEN PLEAD, EXHAUSTION

The Defendant inexplicably criticizes the Plaintiff for her failure "to demonstrate that any of the requested relief was sought at the administrative hearing." Motion at 5.

It is worth noting that though the Plaintiff did in fact allege that "the requested relief was sought at the administrative hearing." Motion at 5. In the Complaint, she explicitly stated that "the Plaintiff has participated in an impartial administrative hearing of these claims." Compl. ¶3.

Regardless, the Plaintiff was under no obligation to demonstrate or plead anything related to administrative exhaustion. A plaintiff need not even plead exhaustion in general, as it is an affirmative defense. See Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1996) ("Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it."); Brown v. Marsh, 777 F.2d 8, 12-13 (D.C. Cir. 1985) ("[T]he district court's discussion appears to place the burden of establishing exhaustion on the plaintiff. This is improper, where, as here, the defendant failed to allege facts reasonably establishing a prima facie showing of nonexhaustion and the relevant records are in the defendant's custody."); see also Jones v. Bock, 127 S. Ct. 910 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

---

[3] It is possible to bring an action regarding a hearing officer's actions, but unless those actions had already been the subject of an administrative complaint, the civil action would be brought under 20 U.S.C. § 1983.

5

**IV.     THE PLAINTIFF ADEQUATELY PLED HER COMPLAINT**

Rule 8(a) of the Federal Rules of Civil Procedure governs the content of complaints, and requires that a complaint contain only a statement of jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for judgment. Fed. R. Civ. P. 8(a). The Plaintiff's Complaint contains all three of those necessary elements.

As addressed above, Argument II.B., as required by law the Plaintiff brought her Complaint against the Defendant, regarding the actions of DCPS, the responsible LEA under the IDEA. The Complaint therefore contains allegations regarding DCPS' actions and the Plaintiff's resulting entitlement to relief.

The Plaintiff plainly alleged that: 1) she had requested funding for an independent evaluation from the Defendant; 2) the IDEA required DCPS to respond to such a request by funding the evaluation or by bringing an IDEA hearing; and 3) DCPS did neither. See Compl. ¶¶ 7-9, 13-19. Accordingly, the Plaintiff's right to relief is well beyond "speculative," and the Complaint complies gives the Defendant sufficient notice of her claim.

Regarding the other requirements of Rule 8(a), the Complaint contains both a jurisdictional statement and a demand for relief. Compl. ¶¶ 2-3; Compl. p. 3-4; see Arguments II.A. and III, above.

**V.      DISMISSAL IS AN INAPPROPRIATE REMEDY**

The Defendant has requested dismissal under Rule 12(b)(6).[4] Even were the Defendant correct in its criticism of the Complaint, dismissal would be an inappropriate remedy. See e.g. M.K. v. Tenet, 99 F. Supp. 2d 12, 19 (D.D.C. 2000)("[T]he defendants may move for a more definite statement of the plaintiff's claims under Federal Rule of Civil Procedure 12(e)…Because

---

[4] See footnote 1, supra, regarding the Defendant's erroneous statement that deficiencies in the Complaint would result in the absence of jurisdiction.

6

any indefiniteness can be remedied by this less drastic means, the court declines to dismiss the complaint for indefiniteness at this juncture") (internal citation omitted).

## CONCLUSION

For the reasons stated herein, the Court should deny the Motion.

Respectfully submitted,

/s/ Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DENITA HARRIS**  )  | |
|  )  | |
| Plaintiff,  )  | |
|  )  | Civil Action No. 07-1422 (RCL) |
| v.  )  | |
|  )  | |
| **DISTRICT OF COLUMBIA**  )  | |
|  )  | |
| Defendant.  )  | |

# ORDER

On consideration of the Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, it is hereby

ORDERED that the Defendant's Motion to Dismiss is **DENIED.**

---

Royce C. Lamberth
United States District Judge