UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

Denita Harris,                          )

        Plaintiff,                )

        v.                        )                 Civil Action No.07-1422 (RCL)

District of Columbia,                   )

        Defendant.                )

_____

### NOTICE OF FILING ADMINISTRATIVE RECORD

Defendant hereby files the administrative record in the above captioned case.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX - (202) 727-3625
E-mail – maria.merkowitz@dc.gov

November 30, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Denita Harris,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No. 07-1422(RCL)
                                        )
District of Columbia,                   )
                                        )
            Defendant.                  )
                                        )

# Index of Record

**Description**                                                  **Page**

Certification of Record, executed 10/30/07                        1

Hearing Officer's Determination, issued 05/08/07                  2

Parent's Disclosure Letter with Exhibits, 04/25/07                7

    DH1:     Disclosure Letter, 04/25/07                     7

    DH2:     Notice Compelling DCPS Witnesses, 04/25/07      9

    DH3:     Due Process Complaint Notice, 03/02/07          11

    DH4:     Hearing Notice, 04/11/07                        13

    DH5:     Petitioner's 34 C.F.R. 300.502 letter           14
                  (with fax confirmation), 02/08/07

Petitioner's Motion for Entry of Default and Default              17
Judgment, 04/25/07

Petitioner's Motion for Summary Adjudication with                 29
Exhibits, 04/12/07

    EX1:     Petitioner's 34 C.F.R. 300.502 letter           33
                  (with fax confirmation), 02/08/07

Hearing Notice, 04/11/07                                   36

Scheduling Memorandum                                      37

Due Process Complaint Notice, 03/02/07                     39

Transcript of the Hearing, (Hearing Date: 05/05/07)        44

# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *STUDENT HEARING OFFICE*
### SPECIAL EDUCATION

In the Matter RE:    H███, D███ vs. Rock Creek Academy

Case Information:    Hearing Dates: **05/02/2007**
Held at: **District of Columbia Public Schools Headquarters**
**825 N. Capitol Street, N.E.**
**Washington, D.C. 20002**
Student Identification Number:  **9063559**
Student's Date of Birth: ███████████
Attending School: **Rock Creek Academy**
Managing School:
Hearing Request Date(s): **03/02/2007**

## CERTIFICATION OF RECORD

I, **Shawnta Maddox, Legal Assistant of the Student Hearing Office,**

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting of all letters, pleadings, orders,

exhibits and depositions.

I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this Tuesday, October 30, 2007.

**LEGAL ASSISTANT**
**STUDENT HEARING OFFICE**

# District of Columbia Public Schools

## *State Enforcement and Investigation Division*
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE   8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

*(DC PUBLIC SCHOOL SYSTEM — 2007 MAY -8 AM 9: 04)*

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| D███ H████, student ) | |
| Date of Birth: █████ ) | |
| ) | **DECISION & ORDER** |
| Petitioner, ) | |
| ) | |
| versus ) | Request Date:  March 2, 2007 |
| ) | Hearing Date:  May 2, 2007 |
| **The District of Columbia Public Schools,** ) | |
| Attending:  Rock Creek Academy, ) | Held at: 825 North Capitol Street, NE |
| ) | Eighth Floor, Hearing Room 1 |
| Respondent. ) | Washington, D.C. 20002 |

**Parent:**                                  Denita Harris
                                            2907 Stanton Road, SE    Apt No 202
                                            Washington, D.C. 20020

**Counsel for the Parent/Student:**          Douglas Tyrka, Esq.
                                            **Tyrka & Associates, LLC**
                                            1726 Connecticut Avenue, NW   Suite 400
                                            Washington, D.C. 20009

**District of Columbia Public Schools:**     Daniel L. McCall, Esq., Attorney-Advisor
                                            **Office of the General Counsel, DCPS**
                                            825 North Capitol Street, NE - 9th Floor
                                            Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties.  The index will permit the
parties to identify specific witnesses and other relevant witnesses.  The index will be detached before
release of this DECISION & ORDER as a public record.

i

0002

**INDEX of NAMES** for D██████ H█████

**Hearing Date:**   May 2, 2007


Appearing on behalf of the parent/student:  None.

Appearing on behalf of DCPS:  None.


No testimony was received.

ii

## STATEMENT of the CASE

On March 2, 2007, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent claimed an independent functional behavioral assessment (FBA) under 34 CFR 300.502

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 9:00 A.M., Wednesday, May 2, 2007 at DCPS Headquarters, 825 North Capitol Street, NE - 8th Floor, Hearing Room 1, Washington, D.C. 20002. The hearing convened as scheduled.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

**ISSUE:**     **Is a functional behavioral assessment an educational evaluation?**

## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated April 25, 2007, the parent disclosed 4 witnesses and 5 documents.

The parent's documents were placed into the record and are referenced/footnoted herein where relevant.

On April 25, 2007, Counsel for the Parent filed the herein Petitioner's Motion for Entry of Default and Default Judgment.

As to the parent's motion, the hearing officer noted that nowhere in *IDIEA 2004* was a Due Process hearing officer granted authority to enter defaults. Secondly, at 34 CFR 300.513 (a)(2) a procedural violation is to become a Denial of FAPE only if it impedes a child's right to a FAPE, impedes a parent's opportunity to participate in FAPE decisions or causes a deprivation of educational benefit. Counsel for the Parent's motion was DENIED.

Counsel for the Parent was ordered forward.

Counsel for the Parent referenced his February 8, 2007 letter[1] to DCPS requesting an independent functional behavioral assessment of the student pursuant to 34 CFR 300.502.

The hearing officer understood an educational evaluation as it appears at 34 CFR 300.502 as being an evaluation to confirm or rule out one of the disabilities setout at 34 CFR 300.8(c) and determined that a functional behavioral assessment was not one.

In consideration of the foregoing, the hearing officer made the following

1 of 2 pages

---

[1] Parent Document No 5

# ORDER

WITH PREJUDICE, the herein
Complaint is DISMISSED.


**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**


_____ Date: 5-8-2007
H. St. Clair, Esq., Hearing Officer


Issued: _____
        Student Hearing Office, DCPS


2 of 2 pages

## ATTENDANCE SHEET

**STUDENT'S NAME:** ___████___ ___H___ ███___

**SCHOOL OF ATTENDANCE:** RCA

**D.O.B:** ████

**HEARING DATE:** 5-2-07    **ROOM:** 1    **TIME:** 9 (A.M.)/P.M.

| PARTICIPANT NAME: | ON BEHALF OF DCPS OR STUDENT: | TITLE: |
|---|---|---|
| Daniel McCall | DCPS | Attorney |
| Doaglas Tyrka | student | Counsel for Parent |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

_____
Impartial Hearing Officer

Revised 10/17/2006

0006

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

April 25, 2007

Attorney-Advisor
Office of the General Counsel
District of Columbia Public Schools
Washington, DC 20002-4232
By Fax: 202-442-5097/5098

RE:    D██████ H████ (D.O.B. ████████)

Attorney-Advisor:

A hearing has been scheduled for **9:00 a.m. on May 2, 2007**, to adjudicate a due process complaint filed on behalf of the above-captioned student, D██████ H████. In addition to any documents and witnesses disclosed by DCPS, the parent reserves the right to rely on the following witnesses and documents, as well as any other documents previously disclosed or offered into evidence in any other matter concerning this student.

Documents:

1. 04/25/07    Disclosure Letter
2. 04/25/07    Notice Compelling DCPS Witness(es)

**Administrative Record**

3. 03/02/07    Due Process Complaint Notice
4. 04/11/07    Hearing Notice

**Correspondence**

5. 02/08/07    Petitioner's 34 C.F.R. 300.502 letter (with fax confirmation).

Witnesses:[1]

1. Ms. Athena Carter, Parent; 202-562-7287
2. Ms. Sharon Millis, Special Education Advocate & Expert; Tyrka & Associates, LLC
3. Mr. Zachary Nahass, Associate; Tyrka & Associates, LLC
4. Mr. Keith Coyle, Associate; Tyrka & Associates, LLC

---

[1] Some witnesses may be testifying by telephone and/or use a designee. The address and phone numbers for all employees or agents of Tyrka & Associates can be found in the letterhead for this correspondence.

5. Ms. Camille McKenzie, Office Assistant; Tyrka & Associates, LLC
6. Mr. Michael Tchorni, Law Clerk; Tyrka & Associates, LLC

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

0008



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264 ♦

April 25, 2007

Attorney-Advisor
Office of the General Counsel
District of Columbia Public Schools
Washington, DC 20002-4232

      <u>RE:   D███ H████ D.O.B. ████████</u>

Attorney-Advisor:

      Pursuant to 34 C.F.R. § 300.509(a)(2) and D.C. Mun. Regs. tit. 5 § 3031.1(b), Petitioner hereby compels the following necessary and material witnesses:

1.  Any DCPS employee and/or agent who has drafted notes of any meeting or telephone conversation, which DCPS intends to submit as evidence at this hearing.

                                Respectfully submitted,

                                Douglas Tyrka, #467500
                                Tyrka & Associates, LLC
                                1726 Connecticut Ave NW, Suite 400
                                Washington, DC  20009
                                (ph) (202) 265-4260
                                (f) (202) 265-4264

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 04/25/2007 12:08
                              NAME  : TYRKA & ASSOCIATES
                              FAX   : 2022654264
                              TEL   : 2022654260
                              SER.# : 000A6J693992
```

```
DATE,TIME              04/25  12:06
FAX NO./NAME           2024425097
DURATION               00:02:17
PAGE(S)                10
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*       Attorney-Advisor ~ OGC

*Fax Number:*

*From:*            Douglas Tyrka

*Regarding:*       D████H████

*# of pages:*      10 incl. cover

*Notes:*           Disclosure

0010

## DUE PROCESS COMPLAINT NOTICE
### In re Denita Harris
### March 2, 2007

Petitioner:       Denita Harris
Student:          D████ H████
DOB:
Current School:   Rock Creek Academy ("RCA")
Residence:        2907 Stanton Road, # 203
                  Washington, DC 20020

**Petitioner's Contact Information for Special Education Purposes:**
Tyrka & Associates, LLC
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

## Violations:

1. Failure to respond to a request for funding sent pursuant to 34 C.F.R. 300.502.

## Facts:

1. On February 8, 2007, the Petitioner, through counsel, sent a request for funding for of an independent functional behavioral assessment ("FBA") for D████ to the DCPS Office of Mediation and Compliance.
2. The request complied with the requirements set forth under 34 C.F.R. 300.502.
3. To date, DCPS has not requested a due process hearing pursuant to 34 C.F.R. 300.502 to show that its evaluation is appropriate.
4. To date, DCPS has not ensured that D████ receive an independent FBA at public expense.

## Proposed resolution:

1. DCPS to immediately fund an independent FBA at market rate.
2. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

## Resolution Meeting:

1. The Petitioner contends that a necessary attendee at any resolution meeting, is a representative of the LEA with authority:
   a. to authorize funding of an independent FBA at market rate, and
   b. to negotiate attorneys' fees for work performed prior to the resolution meeting.
2. If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.

3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.

4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.

5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

2

0012

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:   Parent (or Representative): *D. TYRKA*          Fax No.: *265-4264*

LEA Legal Counsel: *OGC*

RE:   H_____, D_____          and (LEA) DOB: _____
      Student's Name

FROM:   **SHARON NEWSOME**
        Special Education Student Hearing Office Coordinator

DATE SENT: *4/11/07*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on *3/2/07*. Please be advised that the hearing has been scheduled for:

DATE: *5/2/07*

TIME: *9:00 Am*

AT:   825 North Capitol Street, NE, Washington, DC
      8th Floor

ASSIGNED HEARING OFFICER: _____

[ ] THIS IS A FINAL NOTICE OF HEARING: If you wish to request a continuance of this hearing, you must submit your request to the Special Education Student Hearing Office at the above address, or by fax at 202 442-5556. All decisions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff. Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled above.

[X] THIS IS A PROVISIONAL NOTICE OF HEARING: The SHO was unable to accommodate any of your proposed dates. If you are unavailable for the above date, you must inform the SHO in writing (letter or fax) that the date is unavailable and specify times during the next four business days when you are either available or unavailable for a teleconference with the Hearing Officer. If the SHO does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a final notice of hearing that may be modified with only a request for a continuance.

Failure to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of evidence and witnesses to the opposing party is required at least *five business days* prior to the hearing with copies to the Special Education Student Hearing Office.

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**February 8, 2007**

Paula Pearlman
Office of Mediation and Compliance
District of Columbia Public Schools
Washington, D.C. 20002
By Fax: 202-442-5518

Re:    D███ H████ (D.O.B. ████████)
       Request for Funding of Independent Functional Behavioral Assessment

Ms. Pearlman:

Enclosed please find an April 28, 2006 functional behavioral assessment of D████. The parent has determined that this FBA is inadequate.

Pursuant to 34 C.F.R. 300.502, the parent is requesting that DCPS fund an independent functional behavioral assessment of D████ Please contact this office to discuss the approval for the evaluation, or provide me with written documentation that DCPS will fund such an evaluation.

According to the federal regulations, DCPS may not unreasonably delay this process. I look forward to hearing from you no later than 10 business days from today. Thank you very much for your attention to this matter.

Sincerely,

Keith J. Corie, Associate
PA Bar No. 201128
Tyrka & Associates, LLC
Attorneys for the Petitioner
1726 Connecticut Avenue N.W., Suite 400
Washington, D.C. 20009
p. (202) 265-4260
f. (202) 265-4264

Encl:   April 28, 2006 Functional Behavioral Assessment

DH5
0014

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Paula Pearlman~ Office of Mediation & Compliance |
| *Fax Number:* | 202-442-5518 |
| *From:* | Keith Coyle |
| *Regarding:* | D███ H██████ |
| *# of pages:* | 7 |
| *Notes:* | Request for Independent Evaluation |

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

```
        TRANSMISSION VERIFICATION REPORT

                                    TIME : 02/08/2007 13:22
                                    NAME : TYRKA & ASSOCIATES
                                    FAX  : 2022654264
                                    TEL  : 2022654260
                                    SER.# : 000A6J693992


  DATE,TIME            02/08  13:19
  FAX NO./NAME         OMC
  DURATION            00:02:57
  PAGE(S)             07
  RESULT              OK
  MODE                STANDARD
                      ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Paula Pearlman~ Office of Mediation & Compliance |
| *Fax Number:* | 202-442-5518 |
| *From:* | Keith Coyle |
| *Regarding:* | D███ █ |
| *# of pages:* | 7 |
| *Notes:* | Request for Independent Evaluation |

0016

Before the
DISTRICT OF COLUMBIA PUBLIC SCHOOLS
STATE ENFORCEMENT AND INVESTIGATION DIVISION

In re D████ H████            )
       Special Education Student.    )     Assigned Hearing Officer
                                     )     Hearing of May 2, 2007
                                     )

## PETITIONER'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

The Petitioner respectfully moves for a default judgment for the Petitioner for the failure of the Respondent to file a response to the Petitioner's Complaint as required by 20 U.S.C. § 1415(c)(2)(i).

## BACKGROUND

On March 2, 2007, the Petitioner filed a due process complaint under 20 U.S.C. § 1415(b). At the time the Complaint was filed, the Respondent had not served the Petitioner with a prior written notice complying with 20 U.S.C. § 1415(c)(1) addressing all of the allegations in the Complaint. As of the date of the filing of this Motion, the Respondent has not served a response to the Complaint on the Petitioner.

## APPLICABLE LAW

The IDEA requires that:

[i]f the local educational agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, such local educational agency shall, within 10 days of receiving the complaint, send to the parent a response that shall include –
(aa) an explanation of why the agency proposed or refused to take the action raised in the complaint;
(bb) a description of other options that the IEP Team considered and the reasons why those options were rejected;
(cc) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and
(dd) a description of the factors that are relevant to the agency's proposal or refusal.

20 U.S.C. § 1415(c)(2)(B)(i)(I).

The IDEA requires that a "prior written notice," which would negate the need for a response under 20 U.S.C. § 1415(c)(2)(B)(i)(I), contain all of the following:

> (A) a description of the action proposed or refused by the agency;
> (B) an explanation of why the agency proposes or refuses to take the action and a description of each evaluation procedure, assessment, record, or report the agency used as a basis for the proposed or refused action;
> (C) a statement that the parents of a child with a disability have protection under the procedural safeguards of this part and, if this notice is not an initial referral for evaluation, the means by which a copy of a description of the procedural safeguards can be obtained;
> (D) sources for parents to contact to obtain assistance in understanding the provisions of this part;
> (E) a description of other options considered by the IEP Team and the reason why those options were rejected; and
> (F) a description of the factors that are relevant to the agency's proposal or refusal.

20 U.S.C. § 1415(c)(1).

The IDEA is silent on the question of the proper remedy for the failure of a local educational agency ("LEA") to file a response under 20 U.S.C. § 1415(2)(B)(i)(I).

## ARGUMENT

Because the Respondent's failure to serve a response undermines the entire hearing process and thereby denies the Petitioner due process, the Petitioner is entitled to a default judgment.

In <u>Massey v. District of Columbia</u>, the District Court for the District of Columbia specifically noted that DCPS' failure, <u>inter alia</u>, to issue a proper response called into question the adequacy of the entire administrative process:

> Surely Congress did not intend for parents to be left with no remedy when the school district fails to observe the procedural safeguards in the IDEA.
> ***
> DCPS appears incompetent to address, in the manner required by the IDEA, a parent's complaints about [its] failures. Therefore, the Courts find

2

that the plaintiffs have demonstrated that pursuing their claim through the administrative process would be inadequate.

400 F.Supp. 2d 66, 73 (2005) (citations omitted).

The Court in <u>Massey</u> stated that Congress intended there to be a remedy for DCPS' failure to serve a response. Unfortunately, the statute does not specify the remedy.

The federal courts have held that, where the IDEA is silent regarding a procedural rule, the most closely analogous state rule must be applied. In an administrative proceeding under the IDEA, the most closely analogous state rules are the District of Columbia Superior Court Rules of Civil Procedure 12(a)(5) and 55(a), which provide the remedy for a civil defendant's failure timely to file an answer to a complaint.

Because those rules require that a court enter a default when a defendant fails timely to file an answer, the hearing officer should grant the Petitioner a default for the Respondent's failure to serve a response.

I.    IN THE ABSENCE OF A CLEAR PROCEDURE IN THE IDEA, THE MOST CLOSELY ANALOGOUS STATE RULES SHOULD BE APPLIED.

The federal courts have ruled that where the IDEA is silent, the most closely analogous state rule should be applied, provided that the state rule is consistent with the policies of the IDEA. <u>See, e.g., Spiegler v. Dist. of Columbia</u>, 866 F.2d 461 (D.C. Cir. 1989)(applying local limitations period for appeals of administrative decision to federal actions brought following adverse administrative decisions under predecessor to IDEA).

In <u>Spiegler</u>, the Court of Appeals held that the District of Columbia 30-day statute of limitations for review of agency orders applied to federal cases challenging hearing

3

officers' decisions under the Education of the Handicapped Act ("EHA"), the predecessor

to the IDEA. 866 F.2d at 462–470. Congress had not provided a statute of limitations in

the text of the EHA, so the Court of Appeals applied the local limitations period because

it was closely analogous and consistent with the policies underlying the EHA. Id.

The Court in Spiegler applied a two-part analysis: 1) identifying the most closely

analogous state rule; and 2) determining whether the application of that rule was

consistent with the federal policies underlying the EHA. In performing the first part of

the analysis, the Court held that a substantive federal claim challenging the findings and

decision of an EHA hearing officer was "sufficiently analogous to an appeal from an

administrative decision to permit us to borrow the 30-day local limitations period for

such appeals." 866 F.2d at 466. In the second part of the analysis, the Court concluded

"that a 30-day limitations period, when combined with a duty by the District to inform

hearing participants of the short [limitations] period, was not so harsh as to be

inconsistent with [the EHA's underlying] policies." Id.

Though the Spiegler Plaintiffs had argued for the application of the District of

Columbia's default 3-year statute of limitations, the Court of Appeals found the 30-day

limitations period consistent with federal policies: "Because the Act emphasizes the

prompt resolution of disputes, we find at the outset that a shorter rather than longer

statute of limitations would be more consistent with the policies underlying the Act." Id.

at 467.

According to the Spiegler decision, in forming a remedy for the Respondent's

failure to serve a response to the complaint, the hearing officer should determine the state

4

rules most closely analogous to this situation, and should apply them if they are not inconsistent with the federal policies underlying the IDEA.

## II.    THE STATE RULES MOST CLOSELY ANALOGOUS TO THIS SITUATION ARE DISTRICT OF COLUMBIA SUPERIOR COURT RULES OF CIVIL PROCEDURE 12(A)(5) AND 55(A).

Generally, the two best sources for analogous rules in IDEA hearings are the District of Columbia Office of Administrative Hearings Procedural Rules ("OAH rules"), D.C. Mun. Regs. tit. 1 §§ 2800 et seq., and the District of Columbia Superior Court Rules of Civil Procedure ("Civil Rules").

In Spiegler, the Court of Appeals used the OAH Rules to determine the appropriate statute of limitations period for challenging the findings and decisions of an impartial due process hearing officer. However, because the OAH Rules do not require any response in a state administrative proceeding, they are not applicable to an action initiated under the IDEA, which now requires a response containing very specific information within 10 days of the filing of the complaint. Compare OAH Rule 2813.5 ("[u]nless otherwise ordered, no responsive pleading is required in cases commenced by a request for a hearing.") with 20 U.S.C. § 1415(2)(B)(i)(I)(requiring response to IDEA complaint and listing necessary elements in response); D.C. Mun. Regs. tit. 1 §§ 2813.5.

The Civil Rules, on the other hand, deal extensively with every aspect of pleading practice, including the procedures for serving initial and responsive pleadings and the consequences of violations of those procedures. See Super. Ct. Civ. R. 3, 7, 8, 12 & 55. The Civil Rules dictate the necessary contents of answers, the timelines for filing answers and the penalties for failure to file. See Super. Ct. Civ. R. 12 & 55.

5

0021

Because the OAH rules do not require responsive pleadings and the Civil Rules

do, the Civil Rules are the state rules most closely analogous to the IDEA response

requirement. The hearing officer should therefore apply the Civil Rules by analogy as

long as they are consistent with the federal policies underlying the IDEA.

## III.   BY ANALOGY, THE CIVIL RULES REQUIRE THE HEARING OFFICER TO RULE BY DEFAULT FOR THE PETITIONER.

District of Columbia Superior Court Rule of Civil Procedure 12(a)(5) and 55(a)

are the state rules most closely analogous to the Respondent's failure to serve a response,

as argued supra. The rules require that "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend . . . the Clerk or the

Court shall enter the party's default." Super. Ct. Civ. R. 55(a); see also Super. Ct. Civ.

R.12(a)(5)("Except where the time to respond to the complaint has been extended as

provided in Rule 55(a), failure to comply with the requirements of this Rule shall result in

the entry of a default by the Clerk or the Court sua sponte unless otherwise ordered by the

Court.")

The courts do not have any discretion in the entry of a default for failure to

respond to a complaint; "the Clerk or the Court shall enter the party's default." Super. Ct.

Civ. R. 55(a)(emphasis added). The comment to Rule 12 makes clear the intent that

default be automatic in those circumstances. See Super. Ct. Civ. R. 12, cmt ("[P]aragraph

(5) has been added to preserve the existing Superior Court rule of automatic entry of

default against a defendant who does not timely respond to the complaint.").

The District of Columbia Court of Appeals has addressed this issue, and has

enforced the clear text of the Rules in favor of automatic and non-discretionary default.

See Digital Broadcast Corp. v. Rosenman & Colin, LLP, 847 A.2d 384, 388-89 (D.C.

6

App. 2004)(holding that Rule 55(a) default is automatic and non-discretionary);

Restaurant Equip. and Supply Depot, Inc. v. Gutierrez, 852 A.2d 951, 954-56 (D.C. App.

2004)(holding that default for failure to file answer was automatic even where defendant

had filed motion to dismiss).

An entry of default is not a final judgment terminating a proceeding. "[T]he entry

of default does not constitute a judgment, but simply precludes the defaulting party from

offering any further defense on the issue of liability." Lockhart v. Cade, 728 A.2d 65, 68

(D.C. 1999). "[T]he defaulted party retains the right to contest and mitigate unliquidated

damages." Digital, 847 A.2d at 389 n.7. In other words, the default resolves all liability

questions against the defaulting party, but does not determine ultimate relief.

Because the serving of a "response" under the IDEA is a perfect analogue to the

filing of an answer under the Civil Rules, and the Respondent has in this case failed to

serve a response, by analogy to the Civil Rules the hearing officer must issue the

equivalent to a default against the Respondent. The equivalent to a default in IDEA

administrative hearings is a finding, as a matter of law, that the Respondent has

committed all of the violations identified in the Complaint.

Where a violation is all that is necessary to justify relief, the hearing officer may

simply order the relief requested in the Complaint. In the alternative, where further

evidence is necessary before specific relief can be ordered, the hearing officer should

schedule a hearing for the sole purpose of adjudicating the issues relevant to relief.

7

IV.    **AN ORDER OF DEFAULT AFTER AN LEA HAS FAILED TO
SERVE A RESPONSE IS WHOLLY CONSISTENT WITH THE
POLICIES UNDERLYING THE IDEA IN THAT IT PROTECTS
THE RIGHTS OF CHILDREN, ENCOURAGES PROMPT
RESOLUTION OF DISPUTES, PROMOTES ADMINISTRATIVE
EFFICIENCY AND PRESERVES PROCEDURAL EQUITY.**

The application of the Civil Rules to this situation and the consequential order of

default against the Respondent comports with the policies underlying the IDEA.

The primary purposes of the IDEA are, of course, "to ensure that all children with

disabilities have available to them a free appropriate public education" and "to ensure

that the rights of children with disabilities and parents of such children are protected." 20

U.S.C. § 1400(d)(1).

Additionally, it is clear from the statute and the caselaw that certain policies

underlie the procedural aspects of the IDEA. In <u>Spiegler</u>, the Court of Appeals noted that

Congress' intent in passing the EHA was "to ensure the prompt resolution of disputes

regarding the appropriate education for handicapped children." 866 F.2d 461, 467. The

recent amendments to the IDEA, most notably the clauses regarding the complaint, the

response and the resolution session, indicate a Congressional intent to improve

administrative efficiency by narrowing issues and limiting unnecessary hearings. <u>See</u> 20

U.S.C. § 1415(b)(6), (c)(2)(B)(i)(I) & (f)(1)(B). Finally, Congress' respect for the

adversarial process and intent to establish basic procedures to ensure fairness in hearings

can be found in the IDEA's rights to counsel, to disclosure of evidence, to subpoenas, to

cross-examination and to attorneys' fees; the Act's new clauses enabling the dismissal of

inadequately drafted complaints; and the Act's new provisions regarding the training and

competence of hearing officers. <u>See</u> 20 U.S.C. § 1415(c)(2)(A), (f)(3)(A) & (h).

0024

These four purposes – protection of the rights of children with disabilities, prompt resolution of special education disputes, administrative efficiency and procedural fairness – are all furthered by an order of default against the Respondent for failing to serve a response.

Obviously, a ruling in favor of a parent or child, particularly a ruling that prevents the LEA from violating the IDEA and sandbagging a petitioner at hearing, helps to protect the rights of children with disabilities. It is equally obvious that a default for failure to respond to a complaint furthers prompt resolution and administrative efficiency, both in the short term, in that the parties and the hearing officer are not forced to litigate issues regarding which the respondent has offered no defense, and in the long term, in that the respondent will be more likely to serve a proper response in future cases.

The impact of a default on procedural equity deserves a bit more consideration, because the recent amendments to the IDEA have changed the balance of procedural obligations. Under the old version of the law, a petitioner needed only to file a minimal hearing request, and the respondent did not need to file a response. Under the current version of the law, by the time a respondent has failed to serve a response and thereby made itself subject to default, a petitioner has had to file a substantially more comprehensive complaint, which has had to withstand a judgment of its sufficiency. See 20 U.S.C. § 1415(b)(7) & (c)(2)(D). If the complaint is found sufficient, the petitioner is granted a hearing, but cannot raise any issue not identified in the complaint. See 20 U.S.C. § 1415(f)(3)(B). While petitioners now bear that new burden, respondents bear a new burden of their own – the response to the complaint.

9

A default against an LEA for failure to serve a response would enforce the policy of procedural fairness evident in the IDEA's new requirements of a reciprocal information exchange prior to the resolution session and the hearing. To decline to issue a default would confound Congress' clear intent to require LEAs to provide the same level of information that petitioners must provide, and would create a fundamentally unfair system in which a petitioner is denied his/her opportunity to make a case if he/she fails to provide information according to IDEA procedure, but an LEA is allowed to make its case in the opposite situation.

## CONCLUSION

Because a default against the Respondent in this case is wholly consistent with the policies underlying the IDEA, and the denial of a default would frustrate Congress' intent, the hearing officer should apply the most closely analogous state rule to this situation and grant the Petitioner a default by applying Civil Rules 12(a)(5) and 55(a) by analogy.

Respectfully submitted,

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

**DATE FILED:    April 25, 2007**

10

### Certificate of Service

I hereby certify that a copy of this Motion was sent via facsimile to Counsel for

the Respondent on April 25, 2007.

Respectfully submitted,

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

11

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*        Assigned Hearing Officer ~ SHO
                    Attorney-Advisor ~ OGC

*Fax Number:*

*From:*             Douglas Tyrka

*Regarding:*        D█████H█████

*# of pages:*       12 incl. cover

*Notes:*            Motion for Entry of Default and Default Judgment

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*       OGC & SHO

*Fax Number:*

*From:*       Zachary Nahass

*Regarding:*       D███ H██████

*# of pages:*       7

*Notes:*       Motion for Summary Adjudication

2007 APR 12 AM 10: 08
DC PUBLIC
SCHOOL SYSTEM

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

0029

Before the
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### STATE ENFORCEMENT AND INVESTIGATION DIVISION

2007 APR 12 AM 10: 09

In re D███████H██████,
  Special Education Student.



DC PUBLIC
SCHOOL SYSTEM

## PETITIONER'S MOTION FOR SUMMARY ADJUDICATION

  The Petitioner respectfully moves for summary adjudication on all claims in her March 2, 2007 due process complaint ("Complaint"). The Complaint alleges that DCPS has violated the Individuals with Disabilities Act ("IDEA") by failing to respond to a parent's request for independent evaluations pursuant to 34 C.F.R. § 300.502.

  As relief for this violation, the Petitioner respectfully requests that DCPS be ordered to fund an independent Functional Behavioral Assessment ("FBA") of D███.

### FACTS NOT IN DISPUTE

1. On February 8, 2007, the Petitioner, through counsel, sent DCPS a letter requesting funding for an independent FBA, due to the inadequacy of an April 28, 2006 FBA. Exhibit 1.

2. DCPS has neither authorized funding for an independent evaluation, nor filed a due process hearing request to show that its evaluation is appropriate.

3. The Petitioner filed the current due process complaint on March 2, 2006.

4. DCPS has not filed a response to the Petitioner's complaint.

### STANDARD FOR ADMINISTRATIVE SUMMARY JUDGMENT

  In this jurisdiction "an agency may ordinarily dispense with a hearing when no genuine dispute exists." Veg-Mix, Inc. v. U.S. Department of Agriculture, 832 F.2d 601, 607 (D.C. Cir. 1987).

1

0030

## ARGUMENT

### I.  DCPS VIOLATED THE IDEA BY FAILING TO RESPOND TO THE PETITIONER'S REQUEST FOR INDEPENDENT EVALUATIONS

Under 34 C.F.R. § 300.502(b), upon receipt of a request for an independent evaluation, DCPS must, without unnecessary delay, request a due process hearing to establish that its evaluation is appropriate, or ensure funding for the requested evaluation.

The undisputed facts conclusively establish that the Petitioner sent an official written request, pursuant to 34 C.F.R. § 300.502, on February 8, 2007, challenging the adequacy of D███'s April 28, 2006 FBA. It is further undisputed that DCPS has not requested a due process hearing nor funded the requested independent evaluation. As of the time of this filing, 62 days have passed since DCPS received the request for funding, so there is no question regarding unnecessary delay.

Furthermore, DCPS has never served a written response to the Petitioner's Complaint as required by 20 U.S.C. § 1415(c)(2)(B)(i)(I), thus "indicat[ing] by its behavior that it has no valid defense[.]" Digital Broadcast Corp. v. Rosenman & Colin, LLP, 847 A.2d 384 (D.C. App. 2004); see also Massey v. D.C., 400 F.Supp. 2d 66, 73 (D.D.C. 2005).

Because there is no genuine dispute that DCPS failed to respond to a request for funding for an independent evaluation, the Petitioner is entitled to summary judgment on her Complaint.

### CONCLUSION

For these reasons, the Petitioner respectfully requests that she be granted summary judgment on her Complaint, and that an HOD be issued ordering DCPS immediately to fund an independent Functional Behavioral Assessment.

2

0031

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2007 I sent a copy of the foregoing by facsimile to Counsel for the Respondent.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

3        0032



**TYRKA &**
ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**February 8, 2007**

Paula Pearlman
Office of Mediation and Compliance
District of Columbia Public Schools
Washington, D.C. 20002
By Fax: 202-442-5518

Re:     D████ H████ (D.O.B. █████)
        Request for Funding of Independent Functional Behavioral Assessment

Ms. Pearlman:

Enclosed please find an April 28, 2006 functional behavioral assessment of D████ The parent
has determined that this FBA is inadequate.

Pursuant to 34 C.F.R. 300.502, the parent is requesting that DCPS fund an independent
functional behavioral assessment of D████. Please contact this office to discuss the approval for
the evaluation, or provide me with written documentation that DCPS will fund such an
evaluation.

According to the federal regulations, DCPS may not unreasonably delay this process. I look
forward to hearing from you no later than 10 business days from today. Thank you very much
for your attention to this matter.

Sincerely,

Keith J. Coyle, Associate
P.A. Bar No. 201128
Tyrka & Associates, LLC
Attorneys for the Petitioner
1726 Connecticut Avenue N.W., Suite 400
Washington, D.C. 20009
p. (202) 265-4260
f. (202) 265-4264

Encl:   April 28, 2006 Functional Behavioral Assessment

EX3B

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | Paula Pearlman~ Office of Mediation & Compliance |
| *Fax Number:* | 202-442-5518 |
| *From:* | Keith Coyle |
| *Regarding:* | D███ H█████ |
| *# of pages:* | 7 |
| *Notes:* | Request for Independent Evaluation |

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

```
┌─────────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT           │
└─────────────────────────────────────────────┘
```

```
                              TIME   : 02/08/2007 13:22
                              NAME   : TYRKA & ASSOCIATES
                              FAX    : 2022654264
                              TEL    : 2022654260
                              SER.#  : 000A6J693992
```

```
┌──────────────────────────────────────────────────────────────────────────┐
│   DATE,TIME              02/08  13:19                                       │
│   FAX NO./NAME           OMC                                               │
│   DURATION              00:02:57                                           │
│   PAGE(S)               07                                                 │
│   RESULT                OK                                                 │
│   MODE                  STANDARD                                          │
│                         ECM                                               │
└──────────────────────────────────────────────────────────────────────────┘
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**Recipient:**      Paula Pearlman~ Office of Mediation & Compliance

**Fax Number:**     202-442-5518

**From:**           Keith Coyle

**Regarding:**      ▮▮▮▮▮▮▮

**# of pages:**     7

**Notes:**          Request for Independent Evaluation

0035

```
TRANSMISSION VERIFICATION REPORT

                                    TIME  : 04/11/2007 14:20
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : BROE6J471573


DATE,TIME              04/11  14:20
FAX NO./NAME           92654264
DURATION               00:00:26
PAGE(S)                01
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX:  (202) 442-5556



2007 APR 12 AM 9: 59
OFFICE OF THE
GENERAL COUNSEL

### HEARING NOTICE

| MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY |

TO:   Parent (or Representative): _D. TYRKA_    Fax No.: _265-4264_

LEA Legal Counsel: _OGC_

RE:   _H_____, J_____ and (LEA) DOB: _____
      Student's Name

FROM:  **SHARON NEWSOME**
       Special Education Student Hearing Office Coordinator

DATE SENT: _4/11/07_

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on _3/2/07_. Please be advised that the hearing has been scheduled for:

DATE: _5/2/07_

TIME: _9:00 Am_

0036

# STATE EDUCATION AGENCY
# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | |
|---|---|---|
| In the Matter of: | ) | BEFORE A SPECIAL EDUCATION |
| | ) | |
| H██████ D.    Petitioner | ) | |
| | ) | HEARING OFFICER |
| Vs. | ) | |
| | ) | |
| **PUBLIC** | ) | |
| **Savoy ES** | ) | DISTRICT OF COLUMBIA |
| | | |
| Respondent | ) | PUBLIC SCHOOLS |

# SCHEDULING MEMORANDUM

1.    A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **The Student Hearing Office does not schedule or participate in resolution meetings**.

2.    The complaint notice was filed on **March 2, 2007**

3.    The deadline for the resolution meeting is **March 17, 2007** unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A.    ***Prior Written Notice Not Issued by the Local Educational Agency***. If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

1.    An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;

2.    A description of other options that the IEP Team considered and the reasons why those options were rejected;

3.    A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

4.    A description of the factors that is relevant to the agency's proposal or refusal.

Rev'd. 7/6/05

**0037**

B.    Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **March 12, 2007.**

C.    *Deficiency Notice.*    A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, within 15 days of receiving the notice of the complaint, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.    The deadline for filing a deficiency notice is **March 17, 2007.**

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence. A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice. The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law. The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

# DUE PROCESS COMPLAINT NOTICE
### In re Denita Harris
### March 2, 2007

**Petitioner:** Denita Harris
**Student:** D███ H█████
**DOB:**
**Current School:** Savoy Elementary School ("Savoy ES")
**Residence:** 2907 Stanton Road, # 203
Washington, DC 20020

**Petitioner's Contact Information for Special Education Purposes:**
Tyrka & Associates, LLC
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

*(stamp: 2007 MAR -2 PM 2: 31 DC PUBLIC SCHOOL SYSTEM)*

**Violations:**

1. Failure to respond to a request for funding sent pursuant to 34 C.F.R. 300.502.

**Facts:**

1. On February 8, 2007, the Petitioner, through counsel, sent a request for funding for of an independent functional behavioral assessment ("FBA") for D███ █ the DCPS Office of Mediation and Compliance.
2. The request complied with the requirements set forth under 34 C.F.R. 300.502.
3. To date, DCPS has not requested a due process hearing pursuant to 34 C.F.R. 300.502 to show that its evaluation is appropriate.
4. To date, DCPS has not ensured that D███ receive an independent FBA at public expense.

**Proposed resolution:**

1. DCPS to immediately fund an independent FBA at market rate.
2. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that a necessary attendee at any resolution meeting, is a representative of the LEA with authority:
   a. to authorize funding of an independent FBA at market rate, and
   b. to negotiate attorneys' fees for work performed prior to the resolution meeting.
2. If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.

3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.

4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.

5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264

2

0040

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

| | |
|---|---|
| *Recipient:* | SHO |
| *Fax Number:* | |
| *From:* | Douglas Tyrka |
| *Regarding:* | D████ H████ (D.O.B. ████) |
| *# of pages:* | 3 |
| *Notes:* | Due Process Complaint |

2007 MAR -2 PM 2:31
DC PUBLIC
SCHOOL SYSTEM

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 442-5693



# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Principal/Administrator**
                         **Special Education Coordinator**

Telephone Number: **(202) 698-1508**          Pages: **6**
        Fax Number: **(202) 698-1988**          Date: **March 2, 2007**

**Please find attached a copy of a Scheduling Memorandum and a copy of the Due Process Complaint Notice regarding:**

Student: D███ H███

School:   **Savoy ES**

**The complaint Intake Unit is responsible for only providing parties with information notice that a Due Process Complaint has been filed with the Student Hearing Office.  If you have questions about the attached Notice, regarding any fax errors or discrepancies, please contact the Complaint Intake Unit @ (202) 724-6556.**

                                        **Thank You,**
                                        **Marica P. Brown**
                                        **Staff Assistant**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally privileged.  The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556



# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Attorney:Douglas Tyrka, Esq.**
**Parent: D███H████**

Telephone Number: **(202) 265-4260**        Pages: **3**
Fax Number: **(202) 265-4264**        Date: **March 2, 2007**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: D███ H████
School: **Savoy ES**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office. If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 724-6556. Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.

**Thank You**
**Marica Brown**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally privileged. The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited. If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

0043

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
STUDENT HEARING OFFICE

IN THE MATTER OF D████ H█████

HEARING DATE:   MAY 05, 2007

TRANSCRIBED BY
LEGAL PERSONNEL, INC.   (301) 277-5711

0044

APPEARANCES

HEARING OFFICER:                    HERBERT ST. CLAIR


ATTORNEY ADVISOR FOR
     DISTRICT OF COLUMBIA
     PUBLIC SCHOOLS              DANNY MCCALL

ATTORNEY FOR PARENT             DOUGLAS TYRKA

1      HEARING OFFICER:  Good Morning this is the matter of D██████

2   H█████ who was born on ██████████  This is a confidential

3   Administrative Hearing, concerning special education services

4   being provided to the D█████ by the District of Columbia Public

5   Schools. Today is May 2nd, 2007. It is a little after 9 in the

6   morning, it's about 9:26.  This hearing is being conducted under

7   the auspices of the District of Columbia Public Schools

8   hereinafter referred to DCPS.  We are in Hearing Room number 1.

9   This Hearing is being recorded and any party may request a copy

10  of the Hearing of the transcript, copy of the recording or

11  transcript by making a written request by both or either of the

12  Student Hearing Office, DCPS.  My name is Herbert St. Clair.

13  I'm the Hearing Officer. I'm going to ask counsel to identify

14  themselves. Let's being with the attorney advisor.

15     MR. MCCALL: Good morning Mr. Hearing Officer, Attorney

16  Advisor for DCPS.

17     MR. TYRKA: Good Morning Douglas Tyrka, counsel for the

18  parent.

19     HEARING OFFICER: Okay. Disclosure is in this matter one

20  from a parent dated April 25th, how about DCPS Mr. McCall?

21     MR. MCCAll:  Looking deep in the file Mr. Hearing Officer.

22  I just got this file so I'm not sure if they did and I'll ask

23  counsel if one was sent that I'm not aware of.

1       MR. TYRKA: I don't have one so I don't think one was done.

2    I can't guarantee, but I know I looked for it yesterday.

3       MR. MCCALL: So at this time I don't have one Mr. Hearing

4    Officer.

5       HEARING OFFICER: I'm going to place the parent's disclosure

6    into the file. Why are we here Mr. Tyrka, what would satisfy the

7    parent.  Is the parent Ms. Harris?

8       MR. TYRKA: Yes. Denita Harris.  Same name.  I mean the

9    mother and daughter has the same name.

10      HEARING OFFICER: She didn't come today?

11      MR. TYRKA: No.

12      MR. MCCALL: I didn't ask for the parent to be here.

13      HEARING OFFICER: Your request is noted.

14      MR. MCCALL: There we go.

15      MR. TYRKA: The parent was sent a 502 letter regarding a

16   FBA, there has been no response, so we're asking for funding of

17   an independent FBA.

18      HEARING OFFICER: Mr. McCall.

19      MR. MCCALL: FBA is not an evaluation.  FBA is a just an

20   assessment, it's similar to a screening instrument for

21   educational purposes.  The independent evaluation --.

22      HEARING OFFICER: Where's the one you disagreed with?

23      MR. TYRKA: (Inaudible).

1         HEARING OFFICER: Do you have it?

2         MR. MCCALL: Oh, yeah.

3         HEARING OFFICER: You don't have the date on it?

4         MR. TYRKA: It may be referred in that letter.  Number 5 is

5    our 502 letter.

6         HEARING OFFICER: HmmmHmmm.

7         MR. TYRKA: And we refer to it, we cite it as April 28th 06.

8         MR. MCCALL: I don't have the disclosure either.  Do you

9    have an extra copy?

10        MR. TYRKA: I do.

11        MR. MCCALL: Do you have a receipt.

12        HEARING OFFICER: Do I have the issue.  I think I have the

13   issue, what do you think?

14        MR. MCCALL: I think it is very straightforward. It's just a

15   legal issue of whether FBA is an evaluation, and also, just as a

16   side note --.

17        HEARING OFFICER: Well let me ask you this. What is an

18   evaluation?

19        MR. MCCALL: Well I mean I can go through the rules.

20        HEARING OFFICER: As opposed to an (inaudible).

21        MR. MCCALL: But bear with me, it's not an FBA.

22        HEARING OFFICER: If I'm going to say that the FBA is not an

23   evaluation, I'm going to have to come up with some type of

1    (inaudible) so help me out.

2        MR. MCCALL: All right.

3        MR. TYRKA: Before we get to far into this?

4        HEARING OFFICER: Yeah.

5        MR. TYRKA: DCPS did not file a response in this case, I

6    filed a motion of default.  Now I know the Hearing Officer's

7    standard ruling on those motions --.

8        HEARING OFFICER: Yes.

9        MR. TYRKA: However, for DCPS to now be making this, what is

10   not only novel in this case, but is entirely novel in this hall

11   filled with awe is this jurisdiction --.

12       HEARING OFFICER: Okay.

13       MR. TYRKA: That an FBA argument that an FBA is not an

14   evaluation, therefore there is no requirement to respond to a

15   502 letter, I do not think that is fair at all at this stage.

16   And by the way, if that was the argument --.

17       HEARING OFFICER: He should have filed a Due Process

18   request.

19       MR. TYRKA: Well, that's actually true too.  Yeah.

20       HEARING OFFICER: Okay, let me just hear what he has to say.

21       MR. TYRKA: Sure.

22       MR. MCCALL: Mr. Hearing Officer evaluations and re-

23   evaluations start in the regs at 300.301.  It goes over to

1    300.305, 300.304, 300.303.  That very lengthy, rather than

2    reading all of that, its better I think to start with what it is

3    not.

4         HEARING OFFICER: All right.

5         MR. MCCALL: And that says screening for instructional

6    purposes is not an evaluation.  The screening of a student by a

7    teacher or specialist to determine appropriate instructional

8    strategies for (Inaudible) for implementation shall not be

9    considered to be an evaluation for eligibility for special

10   education related services.  What the FBA (inaudible).

11        MR. TYRKA: That's not true, that's not even close.

12        HEARING OFFICER: Okay. Okay. I'm going to hear it.

13        MCCALL: Does functional mean functional in the classroom

14   environment. And I've seen this – this is what – what I would

15   add is having the benefit of coming from other jurisdictions

16   into D.C., my experience is this is the only jurisdiction that I

17   am aware of that is taking this FBA to this level.  It's pretty

18   consistent in other jurisdictions at least in Hearing Officer

19   decisions, an FBA is not an evaluation.  And it is done in the

20   school system by the school system. Versus, we're getting these

21   independents here with no real analysis or input observation in

22   the classroom. I'm not sure how they're doing these things.  But

23   they are preparing these documents called independent FBA, which

1    have no direct correlation to knowledge and observation in the

2    classroom that I've seen.

3         HEARING OFFICER: How important is - Mr. Tyrka.  How

4    important is whether or not the functional behavior assessment

5    is done by the student's teachers?

6         MR. TYRKA: That's actually very important.  But I think Mr.

7    McCall is confused as to how an FBA is done.  I'm happy to --.

8         HEARING OFFICER: Help me out.

9         MR. TYRKA: Sure. Well - I guess - I'll say it both.  I'll

10   say how it is improperly done and I'll say how it is properly

11   done.

12        HEARING OFFICER: Okay.

13        MR. TYRKA: It is often the case that somebody sits down and

14   takes this paper that's the blank FBA form that DCPS puts out

15   and jots down some notes and says this is the problem the kid is

16   having. And you know they do that and maybe if we're lucky,

17   maybe they talk to the teachers -- talk to the teachers about

18   it.  They probably look at the kids' file. We often complain

19   about that kind of FBA and I bet you that is actually what

20   happened in the DCPS one that we challenged in this case.

21        HEARING OFFICER: HmmmHmmm.

22        MR. TYRKA: That's often what we see from DCPS.  That is not

23   the proper way to do it.  The proper way to do it is the

1   evaluator goes to the teachers provides them with data

2   collection forms.  The teachers and sometimes other personnel in

3   the school, depending what is appropriate given the kid's

4   schedule --.

5        HEARING OFFICER:  HmmmHmmm.

6        MR. TYRKA: And says, here's the data I want you to collect.

7   I want you to collect in this form, and I want you to collect it

8   over this period of time, and instruction teaches how to collect

9   that data.  The teachers collect all that data, so that in that

10  sense, the teachers are very closely involved.  The evaluator

11  takes all that data and develops the FBA from that.

12       HEARING OFFICER: What would be the qualifications of the

13  evaluator?

14       MR. TYRKA: Well we'd want somebody who is experienced in

15  developing those plans and in training the teachers how to

16  collect the data.

17       HEARING OFFICER: Is there a title like a social worker or a

18  --.

19       MR. TYRKA: I don't think it is necessarily titled, because

20  I don't know of a strict requirement as far as title goes. I

21  know that Sharon Millus has performed some. She is not the one

22  who usually does them for us. But I know she has performed some.

23  She has a Masters in Special Education.

1        HEARING OFFICER: OKAY.

2        MR. TYRKA: It's not a - there is rarely you know direct

3    conclusion drawn from the FBA. It is a something of an overview

4    of what is going on with the kid. And then the behavior

5    intervention plan is usually developed from the FBA by the team.

6    The behavior intervention plan would certainly warrant some

7    expertise there. I just wouldn't want just the special education

8    teacher doing it.

9        HEARING OFFICER: Mr. McCall?

10        MR. MCCALL: Yes sir.

11        HEARING OFFICER: Let's assume that what you are saying is

12    correct.  It's not an evaluation, does that absolve DCPS from

13    filing a Due Process complaint as opposed to not immediately

14    funding the --.

15        MR. MCCALL: Under my analysis, yes it would.  Because the

16    same analysis would be applied if say, counsel came into a

17    meeting and said we want you to do, you know some curriculum

18    based assessment - which one - the Standard Binet - those tests

19    and we responded, look this our curriculum assessment, this is

20    not an evaluation of the IDEA. Well they couldn't go out and

21    say, I want to go get an independent. We couldn't even file a

22    Hearing on that.

23        HEARING OFFICER: You got a federal case that says the FBA

1   is not an evaluation?

2       MR. MCCALL: The case I would try to look at is Alex v.

3   Morrisville Valley School District. And I haven't found a case

4   where its' have to go that far to the level --.

5       HEARING OFFICER: Well, why did you mention this --.

6       MR. MCCALL: Well hearing decisions - I can go back and look

7   at old hearing decisions, try to pull some Texas hearing

8   decision, I don't know if that is going to - you know what I

9   mean, you're saying --. The problem is the way jurisdictions are

10  dealt with is that it has never gotten beyond that point.

11      MR. TYRKA: Jurisdictions.  Who is into these jurisdictions?

12  (Laughter).

13      HEARING OFFICER: Mister.  Please Mr. Tyrka.  No one

14  interrupting you when you were speaking.  You think maybe Texas

15  is behind?

16      MR. MCCALL: Well you know, that depends on how you look at

17  it.

18      HEARING OFFICER: (Laughter). All right.  I tell you what. I

19  think I got the issue right?

20      MR. TYRKA: I think the Hearing Officer has heard me.

21      HEARING OFFICER: If you have something from the Federal

22  Court or anything, get it to me and I'll read it.

23      MR. MCCALL: Okay, I'll pull Alex v. Morrisville Valley

1  School District.  At least that tells you --.

2      HEARING OFFICER: If you want to respond, fine.

3      MR. MCCALL: That a good idea.

4      HEARING OFFICER: That's just the case, no brief.  Just the

5  case.

6      MR. MCCALL: No. No. No. That case tells you what an FBA

7  looks like, the contents, because you were asking me about the

8  contents of this thing.

9      HEARING OFFICER: No.  You said it's not an evaluation.

10     MR. MCCALL: That's correct. But I also said, that I have

11  not been able to find a federal case where it has gotten that

12  far, the problem.

13     HEARING OFFICER: But this case you are referring to does,

14  it's just describing --.

15     MR. MCCALL: It describes it but - that helps the Hearing

16  Officer's analysis of what an evaluation is too.

17     HEARING OFFICER: All right. I'll read it.  Give it to Mr.

18  Tyrka.  I think I have the issue gentlemen.

19     MR. MCCALL: The last point, we kind of got off point, I

20  don't think request was ever made to Rock Creek and I think Rock

21  Creek will do the functional behavioral assessment if they are

22  requested to do it by the parent.  So I'm not sure how we even

23  got here, Mr. Hearing Officer.

1          MR. TYRKA: Rock Creek has indicated that to you, you've

2     spoken to them about this particular student and this issue?

3          MR. MCCALL: That is my understanding that Rock Creek will

4     do.

5          MR. TYRKA: I'm confused. You just said was that Rock Creek

6     indicated to you that they would do it.  You spoke to them about

7     it?

8          MR. MCCALL: My indication is that Rock Creek will do the

9     FBA.

10          MR. TYRKA: That is not what you said.

11          HEARING OFFICER: I got this.  I know.  Don't get hostile

12     Mr. Tyrka.

13          MR. TYRKA: Don't lie to me Mr. McCall.  It happens too

14     often.  It happens too often.

15          HEARING OFFICER: All right Mr. Tyrka.  Just a minute.

16          MR. MCCALL: Watch yourself.

17          HEARING OFFICER:  Wait a minute Mr. Tyrka. Let me close the

18     record.  Let me close the record and you can have --.

19          MR. MCCALL: Watch yourself.

20          MR. TYRKA: Watch what?

21          HEARING OFFICER: You make that allegation one more time and

22     --.

23          MR. MCCALL: And I'm going to complain on you.

1       MR. TYRKA: About what?

2       HEARING OFFICER: Let me close the record.   Thank you

3   gentlemen.   Thank you.

4       MR. MCCALL: Thank you.

5