UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Denita Harris, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.07-1422(RCL) |
| District of Columbia, ) | |
| Defendant. ) | |

# DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

Defendant District of Columbia, by and through counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby respectfully moves this Court to grant summary judgment in its favor in the captioned action and to deny the plaintiff's motion for summary judgment. As established by the administrative record, the accompanying supporting memorandum and the statement of material facts as to which there is no genuine dispute, the challenged administrative determinations under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §1400 *et seq.*, were entirely appropriate.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2


 /s/ Maria Merkowitz
MARIA MERKOWITZ, [312967]
Senior Assistant Attorney General
Equity Division
441 4th Street, N.W., 6S
Washington, D.C. 20001
(202)442-9842
Fax – (202) 727-3625
Email–maria.merkowitz@dc.gov


February 12, 2008

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Denita Harris, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.07-1422(RCL) |
| District of Columbia, ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT, AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION AND BACKGROUND**

This action seeks review of a decision issued on May 8, 2007, by an administrative Hearing Officer ("HO") following a hearing conducted pursuant to the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1400 *et seq*. ("IDEIA"), on May 2, 2007. At the hearing, plaintiff sought to have the HO order the District of Columbia Public Schools ("DCPS") to fund an Independent Functional Behavioral Assessment ("FBA") for the student at public expense.

The only issue discussed at the hearing was whether an FBA is an educational evaluation, such that certain procedures pursuant to the IDEIA must be followed. (AR at 2) Neither side presented any witnesses. (AR at 3) In his decision, the HO concluded that an FBA is not an educational evaluation as contemplated by the IDEIA, and dismissed the case.

3

## ARGUMENT

### I.     The Criteria for Granting Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Material facts are those "that might affect the outcome of the suit under the governing law." Farmland Industries, Inc. v. Grain Board of Iraq, 248 U.S. App. D.C.  276, 904 F. 2d 732, 735 (1990)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).[1]

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[2]

---

[1] Anderson v. Liberty Lobby, Inc, supra, 477 U.S. at 248, similarly describes the rule for determining materiality:
>    As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. . . Any proof or evidentiary requirements imposed by the substantive law are not germane to this inquiry, since materiality is only a criterion for categorizing factual disputes in their relation to the legal elements of the claim and not a criterion for evaluating the evidentiary underpinning of those disputes.

[2] Celotex Corp. v. Cantrett, supra, is one of three cases decided by the U.S. Supreme Court in 1986 that govern the standard for granting motions for summary judgment.  Celotex Corp., supra; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Company v. Zenith Radio Corporation, 475 U.S. 574 (1986). Celotex Corp. held that Rule 56 was to be administered with due regard to those opposing claims, as well as those advancing them, and that the purpose of the Rule was to dispose of claims that had no reasonable factual basis. 477 U.S. at 327, 323. Anderson held that the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case. 477 U.S. at 248, 254.  Matsushita held that where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." 475 U.S. at 587.
>    . . . [T]aken together, these three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials and lower courts have responded accordingly.

10 A. Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2727, n. 25 (1998).

To meet the initial burden of showing "the absence of a genuine issue of material fact" on an essential element of the non-movant's case, the movant may demonstrate that the respondent has no evidence to support an essential element of his or her case. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). In answer, the respondent must "present affirmative evidence" in order to defeat the motion, and "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion for summary judgment should be granted. Id.

## II. The Criteria for Review of Administrative Decisions Under the IDEIA

The IDEIA provides for judicial review in state or federal court to "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing. 20 U.S.C. §1415(c). In conducting such review, the reviewing court "shall receive the records of the administrative proceeding, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. §1415(e). However, the "preponderance of the evidence" standard "is by no means an invitation to the court to substitute their own notions of sound educational policy for those of the school authorities which they review." Board of Education of Hendrick Hudson Central School Dist. v. Rowley, 458 U.S. 176, 206 (1982).

The party challenging the hearing officer's determination bears the burden of persuading the court that the Hearing Officer was incorrect. Angevine v. Smith, 959 F.2d 292, 295 (D.C. Cir. 1992); Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988); Lyons v. Smith, 829 F.Supp. 414, 417 (D.D.C. 1993). While the Court is authorized to make an independent determination, the Court "must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing

5

officer and school officials responsible for the child's education." Lyons v. Smith, *supra*, 829 F.Supp. at 418.

Accordingly, before this Court may reverse the Hearing Officer's decision, the Plaintiffs must show by a "preponderance of the evidence," giving the Hearing Officer's finding "due weight," that the Hearing Officer was wrong.

### III. The Hearing Officer Correctly Determined that a Functional Behavioral Assessment is Not an Evaluation.

Plaintiff alleges that on February 8, 2007, she sent DCPS a request for funding an independent FBA because she disagreed with the one completed by DCPS approximately 9- 10 months earlier (April 28, 2006). Plaintiff claims that her request was made pursuant to 34 C.F.R. Sec. 300.502. (Pl's Motion at 6)  34 C.F.R. Sec. 300.502 (a) provides that: "[t]he parents of a child with a disability have the right under this part to obtain an independent *educational* evaluation of the child, subject to paragraphs (b) through (e) of this section." (Emphasis added)  An independent educational evaluation is defined as "an evaluation conducted by a qualified examiner who is not employed by the public agency responsible for the education of the child in question…."  34 C.F.R. Sec. 300.502 (a) (3) (i).  34 C.F.R. Sec. 300.502 (b) (1) further provides that a parent may receive an independent educational evaluation at public expense if the parent disagrees with an educational evaluation performed by the school system. Lastly, 34 C.F.R. Sec. 300.502 (b) (2) (i) and (ii) provide that if a parent requests an independent educational evaluation at public expense the agency must either file a due process hearing request to establish why the agency performed educational evaluation is appropriate, or ensure that an independent educational evaluation is performed at public expense without due delay.

6

In the instant case, DCPS neither filed a due process complaint, nor provided plaintiff with an FBA at public expense, on the grounds that an FBA is not an educational evaluation, and thus not subject to the requirements of 34 C.F.R. Sec. 300.502. The HO concurred with DCPS and dismissed the case.

Unfortunately no definition of an FBA is provided in the IDEIA. The term "functional behavioral assessment" appears only in one part of the IDEIA, 20 U.S.C. 1415 (k) (1), a provision that deals with the discipline of a disabled child. Under 20 U.S.C. 1415 (k) (1) (D) (ii), a duty arises to conduct an FBA, and then implement a "behavioral intervention plan," when the school imposes certain disciplinary sanctions on a disabled child, such as placing the student in an alternative educational setting because of a violation of a code of student conduct. Where a child is removed from his current placement the student shall "receive, as appropriate, a functional behavioral assessment, behavioral services and modifications, that are designed to address the behavior violation so that it does not recur." 20 U.S.C. 1415 (k) (1) (D) (ii). *See Alex R. ex rel. Beth R. v. Forrestville Valley School,* 375 F.3d 603, 614 (7th Cir. 2004); *Farrin v. Me. Sch. Admin. Dist. No. 59,* 165 F. Supp. 2d 37, 42 (D. Me. 2001). The court in *Farrin, supra,* determined that "the purpose of the functional behavior assessment is to explore the child's misbehavior and discover what, if anything, can be done to address it and prevent it from occurring again." *Farrin v. Me. Sch. Admin. Dist. No. 59,* 165 F. Supp. 2d at 42.

Here, there is no evidence that the student had been removed from his current placement, or indeed that it was even being contemplated. Accordingly, plaintiff has not established that there was any need or requirement that a functional behavioral

7

assessment of the student be conducted, or indeed that an FBA is an "educational evaluation" as contemplated by the statute.

The HO's conclusion that "an educational evaluation as it appears at 34 CFR 300.52 [is] an evaluation to confirm or rule out one of the disabilities setout at 34 CFR 300.8(c) …" (AR at 4) was clearly correct and conforms to the definition of an evaluation set forth in 34 CFR Sec. 300.15, cited by plaintiff's counsel in his motion. (Pl's motion at 8)  34 CFR Sec. 300.15 provides that an "[e]valuation means procedures used in accordance with Sections 300.304 through 300.311 to determine whether a child has a disability and the nature and extent of the special education and related services that the child needs."

An FBA is not an educational evaluation as contemplated by the statute, but rather, an approach used by a school to help a student with chronic behavior problems. Further, in the instant case, DCPS has already conducted all necessary educational evaluations to determine that the student requires special education and related services as a qualified child with multiple disabilities. (Pl's Ex. 1, Statement of Material Facts 3) The student is currently enrolled in a private school, Rock Creek Academy, at public expense, and receives 26 hours of specialized instruction and 1.5 hours of psychological counseling. (Pl's Ex. 1)  Accordingly, it cannot be disputed that the student has been evaluated to determine whether she has a disability, and also to determine the nature and extent of the special education and related services that she needs. Further, because the student has not been removed from her current placement, the provisions of 20 U.S.C. 1415 (k) (1) (D) (ii) are inapplicable.

### IV. <u>There is no Evidence That the Student Suffered Any Educational Harm Because No Functional Behavioral Assessment at Public Expense Was Completed.</u>

Even if the Court determines that DCPS should have provided the student with an FBA at public expense or, in the alternative, should have filed a due process hearing to establish that the FBA completed 10 months prior to plaintiff's request for a due process hearing, was adequate, such a violation would constitute only a minor procedural violation and would not constitute a violation of FAPE.

"[A]n IDEA claim is viable only if [the alleged] procedural violations affected the student's substantive rights". *See, e.g., Lesesne v. District of Columbia,* 447 F. 3d 828, 834 (D.C. Cir. 2006); *accord Metro Bd. Of Pub. Educ. v. Guest,* 193 F.3d 457, 464-65 (6th Cir. 1999); *Kruvant v. District of Columbia,* 99 Fed. Appx. 232, 233 (D.C. Cir. 2004) (denying relief under IDEA because' although DCPS admits that it failed to satisfy its responsibility to assess [the student] for IDEA eligibility within 120 days of her parent's request, the [parents] have not shown that any harm resulted from that error'); *See also Razzaghi v. District of Columbia,* Civ. No. 03-1619 (D.D.C. Sept. 28, 2005), Mem. Op. at 16; *C. M. v. Bd. Of Educ.,* 128 Fed. Appx. 876, 881 (3d Cir. 2005) (per curiam) ('[O]nly those procedural violations of the IDEA which result in loss of educational opportunity or seriously deprive parents of their participation rights are actionable.'); *M.M. ex rel. D.M. v. Sch. Dist.,* 303 F.3d 523, 533-34 (4th Cir. 2002) ('If a disabled child received (or was offered) a FAPE in spite of a technical violation of the IDEA, the school district has fulfilled its statutory obligations.').

Here, there is not the least bit of evidence in the record that the student sustained any loss of educational opportunity or that her parents were seriously deprived of their rights

9

to participate in any FAPE decisions. Accordingly, there can be no finding that there was a denial of FAPE in the instant case.

## **CONCLUSION**

The HO correctly determined that an FBA is not an educational evaluation as it appears at 34 CFR 300.52. Further, there is absolutely no evidence in the record that DCPS' failure to conduct an FBA at public expense or to seek a due process hearing, denied the student any educational opportunity or her parents an ability to participate in any FAPE decisions. Accordingly, defendant's Cross Motion for Summary Judgment should be granted, plaintiff's Motion for Summary Judgment denied, and plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,  Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

February 12, 2008

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
Denita Harris,                  )
                                )
        Plaintiff,              )
                                )
        v.                      )   Civil Action No.07-1422(RCL)
                                )
District of Columbia,           )
                                )
        Defendant.              )
_____

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT
OF MATERIAL FACTS NOT IN DISPUTE**

Paragraph numbers below correspond to the paragraph numbers in Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue.

5.    Defendant disputes material fact numbered 5. A functional behavioral assessment is required when a violation of a code of student conduct occurs and the student is to be placed in an alternative educational setting. 20 U.S.C. 1415 (k) (1) (D) (ii). "The purpose of the functional behavior assessment is to explore the child's misbehavior and discover what, if anything, can be done to address it and prevent it from occurring again." *Farrin v. Me. Sch. Admin. Dist. No. 59,* 165 F. Supp. 2d 42, (D. Me. 2001).

6.    Defendant disputes material fact numbered 6. "[A] duty arises to conduct a 'functional behavioral assessment,' and then implement a 'behavioral intervention plan,' when the school imposes certain disciplinary sanctions on a disabled child. 20 U.S.C. Sec 1415(k)(1)" *Alex R. ex rel. Beth R. v. Forrestville Valley School,* 375 F.3d 603, 614 (7th Cir. 2004).

11

7. Defendant disputes material fact numbered 7. On February 8, 2007, plaintiff's counsel sent a request for funding of an independent FBA for D.H. to the DCPS Office of Mediation and Compliance. Ms. Harris' signature does not appear on the request nor was she carbon copied ("cc") on the letter.

>Respectfully submitted,
>
>PETER J. NICKLES
>Interim Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>/s/ Edward P. Taptich
>EDWARD P. TAPTICH [012914]
>Chief, Equity, Section 2
>
>/s/ Maria L. Merkowitz
>MARIA L. MERKOWITZ [312967]
>Senior Litigation Counsel
>441 4th Street, N.W., Sixth Floor South
>Washington, DC 20001
>(202) 442-9842
>FAX - (202) 727-3625
>E-mail – maria.merkowitz@dc.gov

February 12, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Denita Harris, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.07-1422(RCL) |
| District of Columbia, ) | |
| Defendant. ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS THAT ARE NOT IN DISPUTE

1. On May 2, 2007, plaintiff's counsel attended a due process hearing conducted pursuant to the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1400 *et seq*. ("IDEIA"). (AR 2-3)

2. At the hearing, plaintiff's counsel sought to have the Hearing Officer ("HO") order the District of Columbia Public Schools ("DCPS") to fund an independent functional behavioral assessment ("FBA") for the student at public expense. (AR at 4)

3. DCPS completed an FBA of the student on April 28, 2006. The parent did not express disagreement with the FBA. (Pl's Ex. 2, AR at 1-44)

4. On February 8, 2007, plaintiff's counsel sent a letter to the Office of Mediation and Compliance requesting an independent FBA. The letter was not carbon copied ("cc") to the parent. (AR at 33)

5. Neither side presented any witnesses at the due process hearing. (AR 3, 47)

6.      The only reference to a Functional Behavioral Assessment in the IDEIA is found in 20 U.S.C. 1415 (k) (1) (D) (ii).  Where a child is removed from his current placement because of a behavioral violation he/she shall "receive, as appropriate, a functional behavioral assessment, behavioral services and modifications, that are designed to address the behavior violation so that it does not recur." 20 U.S.C. 1415 (k) (1) (D) (ii).

7.      "The purpose of [a] functional behavior assessment is to explore the child's misbehavior and discover what, if anything, can be done to address it and prevent it from occurring again."  *Farrin v. Me. Sch. Admin. Dist. No. 59,* 165 F. Supp. 2d at 42.

8.      There is no evidence in the record that the student has been removed from his current placement.  (AR at 1-57)

9.      34 CFR Sec. 300.15 defines the term evaluation as follows: "[an e]valuation means procedures used in accordance with Sections 300.304 through 300.311 to determine whether a child has a disability and the nature and extent of the special education and related services that the child needs."

10.     DCPS has determined that the student requires special education and related services as a qualified child with multiple disabilities.  (Pl's Ex. 1, Statement of Material Facts 3)

11.     The student is currently enrolled in a private school, Rock Creek Academy, at public expense. (Pl's Ex. 1)

12.     The student receives 26 hours of specialized instruction and 1.5 hours of psychological counseling.  (Pl's Ex. 1)

13. There is no evidence in the record that the student suffered any educational harm because he did not receive an FBA at public expense, or because DCPS did not file a due process complaint. (AR at 1-57)

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

February 12, 2008