THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DENITA HARRIS )<br>                Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>                Defendant. )<br>) | Civil Action No. 07-1422 (RCL) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.      THE DEFENDANT CITES AN INCORRECT STANDARD OF REVIEW**

The Defendant contends, as a preliminary matter, that the Hearing Officer's interpretations of the IDEA and relevant implementing regulations are entitled to "due weight." See Def.'s Mot. Summ. J. 6. That standard applies to many IDEA cases, but not to this one.

In cases such as this one, which turn solely on statutory construction, a hearing officer's interpretations are entitled to no deference. See, e.g., Alex R. ex rel. Beth R. v. Forrestville Valley Cmty. Unit Sch. Dist. #221, 375 F.3d 603, 611 (7th Cir. 2004) ("On issues of law, the hearing officer is entitled to no deference."); Reid v. Dist. of Columbia, 401 F.3d 516, 521 (D.C. Cir. 2005) (affording no deference to hearing officer's determination concerning "an issue of statutory construction, a pure question of law that courts review de novo.")

The Court therefore owes the Hearing Officer's interpretation no deference, not even the limited "due weight" applied in other IDEA cases. This is all the more true given that the Hearing Officer based his conclusion on nothing more than an unexplained

1

understanding. See R. at 4 (statement within the HOD "Summary of the Evidence and Findings of Fact" that "[t]he hearing officer understood an educational evaluation as it appears at 34 CFR 300.502 as being an evaluation to confirm or rule out one of the disabilities setout [sic] at 34 CFR 300.8(c) and determined that a functional behavioral assessment is not one."); S.G. v. Dist. of Columbia, 498 F. Supp. 2d 304, 312 (D.D.C. 2007) (vacating hearing officer's conclusion of law hidden "within the so-called summary of the relevant evidence" where it had "no support in the record".)

II.     **D.H.'S NEED FOR AN FBA WAS UNCONTESTED AT THE HEARING, AND IS NOT AN ISSUE IN THIS CASE**

The Defendant raises, for the first time, a question of whether an FBA is necessary and whether D.H. is harmed in its absence. At the administrative hearing, DCPS never contested D.H.'s need for an FBA or the harm done her in the absence of one. See R at 48 ("I think it is very straightforward. It's just a legal issue of whether [an] FBA is an evaluation[.]"); R. at 17-27 (Ms. Harris' administrative motion for default for DCPS' failure to serve a response to the administrative complaint); Record generally (lacking a response to the complaint or a response to the motion for default); R. at 4 (HOD identifying sole issue as the question of whether an FBA is an evaluation).

DCPS plainly acknowledged the need for an FBA when it conducted one. See Pl.'s Mot. Summ. J. Exhibit 2; Pl.'s Statement of Material Facts Not in Dispute ¶4 (undisputed by Defendant).

III. **DCPS' FAILURE TO RESPOND TO THE REQUEST FOR AN INDEPENDENT EVALUATION HAS DENIED D.H. FAPE**

The Defendant contends that DCPS' failure to respond to Ms. Harris' request for an evaluation is at most "only a minor procedural violation." Def. Mot. 9. This interpretation is unsupportable.

By failing to respond to the Plaintiff's request for funding of an independent evaluation, DCPS has denied, and continues to deny, Ms. Harris the right to an independent evaluation at public expense, which evaluation will be used in development of her daughter's education program, as guaranteed her by the IDEA. See 34 C.F.R. § 300.502(b). The Plaintiff's inability to obtain this evaluation precludes the ability of D.H.'s IEP team to review such an evaluation or to include its recommendations in her IEP.

The requirement that students be evaluated is not a procedural requirement. That is plain from the basic organization of the IDEA,

IDEA Section 1415, titled "Procedural Safeguards," outlines the procedures LEAs are required to follow in order to implement the goals of the IDEA. 20 U.S.C. § 1415. The requirements for evaluations of children in all areas of their suspected disabilities are not found in Section 1415, but in Section 1414, "Evaluations and IEPs." 20 U.S.C. § 1414.

Section 1414, regarding evaluations and the IEPs upon which they are based, is the substantive heart of the IDEA. The IEP is "the centerpiece of the statute's education delivery system for disabled children[.]" Honig v. Doe, 484 U.S. 305, 311 (1988).

Because the IEP is based on a child's evaluations, the IDEA provisions regarding the evaluation of a qualified child with a disability and the development of that child's

educational programming are substantive requirements at the heart of the IDEA. In this case, DCPS has violated the section of the Act establishing the "primary vehicle" for implementation of its goals, and it may not dismiss that violation as "only a minor procedural" one.

Were it true that DCPS' failure to perform an evaluation is only a procedural violation, that failure would nonetheless constitute a denial of FAPE, because it impedes Ms. Harris' ability to participate in decisionmaking. A procedural violation constitutes a denial of FAPE when it "significantly impede[s] the parents' opportunity to participate in the decisionmaking process regarding the provision of a free appropriate public education[.]" 20 U.S.C. § 1415(f)(3)(E)(ii)(II).[1]

The Defendant's contention that "there can be no finding that there was a denial of FAPE in the instant case" is, therefore, without basis under the IDEA. DCPS' failure to provide for an independent evaluation of D.H. is an ongoing violation of the IDEA which continues to deny her FAPE.

## CONCLUSION

The Defendant has shown no support for its claim that a functional behavioral assessment is not an "evaluation" as that term is used in 34 C.F.R. § 300.502. Likewise, the Defendant has shown no support for its contention that there can be no finding of a denial of FAPE. An FBA is an evaluation, and DCPS has refused to defend the validity of its FBA or to ensure that the Plaintiff receive one at public expense.

Accordingly, the Court should deny the Defendant's Motion, should grant the Plaintiff's Motion, and should order DCPS to fund an independent FBA of D.H..

---

[1] The most recent version of the IDEA contains, at 20 U.S.C. § 1415(f)(3)(E)(ii), a more precise statement of the relationship between procedural violations a FAPE than had previously been provided in caselaw. See, e.g., Def's Mot. Summ. J. 9.

4

Respectfully submitted,

 /s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

5