UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Denita Harris, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07-1422 (RCL) |
| District of Columbia, ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT.**

This action seeks review of a decision issued on May 8, 2007, by an administrative Hearing Officer ("HO") following a hearing conducted pursuant to the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1400 *et seq*. ("IDEIA"), on May 2, 2007. The main issue discussed at the hearing, and the one plaintiff is appealing, was whether a "functional behavioral assessment" ("FBA") is an educational evaluation, such that certain procedures pursuant to the IDEIA must be followed. (AR at 2) Neither side presented any witnesses. (AR at 3) In his decision, the HO concluded that an FBA is not an educational evaluation as contemplated by the IDEIA, and dismissed the case.

Plaintiff filed a Motion for Summary Judgment in support of her appeal on January 7, 2008. Defendant filed an Opposition to plaintiff's motion, and a Cross Motion for Summary Judgment on February 12, 2008. Defendant now responds to plaintiff's Opposition to defendant's Cross Motion for Summary Judgment ("Opposition").

### I.     THE HEARING OFFICER IS ENTITLED TO DUE DEFERENCE IN HIS DECISION.

In her Opposition, plaintiff claims that the instant case turns solely on statutory construction and therefore, the Hearing Officer's interpretation of the law is entitled to no deference. (Opposition at 1)  However, the Hearing Officer's Determination ("HOD") was not based solely on his interpretation of the language of the statute, which in this case is silent as to the meaning of an FBA, but also included a utilization of his educational expertise to apply the law to the facts of this case.  The issue presented at the due process hearing was whether DCPS failed to follow the IDEIA procedures plaintiff alleges needed to be followed when it did not perform a publicly funded FBA at plaintiff's request.  (AR at 4-5)  In his decision, the HO determined that an FBA was not an *educational* evaluation, designed to "confirm or rule out one of the disabilities set out at 34 CFR 300.8 (c)…" and dismissed the case.

The HO's findings should be given due deference in the instant case because, in the first instance, the HO needed to determine the types of evaluations that are prescribed by the IDEIA to establish what disabilities a student has, in order to decide what special education services the student should receive.  Secondly, the hearing officer needed to determine whether or not an FBA was the type of educational evaluation that would help in making those determinations.   Thus, the Hearing Officer's decision that an FBA was not the type of educational evaluation contemplated by the IDEIA constituted more than just a construction of the words of the IDEIA, and due deference should paid to his decision.

However, even if this Court determines that the HOD turned solely on statutory construction, as established in defendant's Cross Motion, an FBA is not an *educational* evaluation, and the procedures governing such an evaluation are inapplicable to an FBA in any event. (Cross Motion at 7-8) Accordingly, the HO was correct in dismissing the due process complaint.

  **II.**  **D.H.'s Need for an FBA was Not Raised at the Due Process Hearing.**

In her Opposition, plaintiff claims that at the due process hearing "DCPS never contested D.H.'s need for an FBA or the harm done her in the absence of one." (Opposition at 2)  However, this was an issue that even plaintiff did not raise. (AR at 44-57)  Plaintiff based her entire case on the fact that the parent had requested an FBA at public funding, DCPS had not performed an FBA, and had not filed a due process complaint.  Neither party presented any witnesses. (AR at 44-57)  Thus to state that DCPS did not contest the student's need for an FBA is wholly misleading, as the matter was not broached at the hearing.  Further, to claim that "DCPS acknowledged the need for an FBA when it conducted one" (Opposition at 2) is taken completely out of context.  The FBA plaintiff references is the one completed on April 28, 2006, more than a year prior to the hearing.

  **III.**  **Plaintiff Has Failed to Establish That There Has Been any Denial of FAPE in the Instant Case.**

Plaintiff's arguments regarding any denial of FAPE have been addressed previously in defendant's Cross Motion for Summary Judgment.  (Cross Motion at 8-10)

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

        /s/ Maria L. Merkowitz
        MARIA L. MERKOWITZ [312967]
        Senior Litigation Counsel
        441 4th Street, N.W.,   Sixth Floor South
        Washington, DC 20001
        (202) 442-9842
        FAX  -  (202) 727-3625
        E-mail – maria.merkowitz@dc.gov

March 12, 2008